```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION** at **LEXINGTON**

CIVIL ACTION NO. 07-CV-183-JMH

ESSIE HUTSON,                                              PLAINTIFF,

VS:                    **MEMORANDUM OPINION AND ORDER**

JOHN FELDER and J. MOSLEY,                                 DEFENDANTS.

**\* \* \* \* \***

Defendant Jamie Mosley ("Mosley") has filed a Motion for Summary Judgment, to which the Plaintiff Essie Hutson ("Hutson") has filed a Response and Mosley has filed a Reply in further support of his motion. [Dkt. 8, 11, 12] This matter is before the Court for decision.

**I.   Factual Background**

In her Complaint, Hutson alleges that on June 19, 2006, she was driving south on Interstate 75 through Madison County, Kentucky, when Kentucky State Police ("KSP") Officer John Felder ("Felder") pulled behind her vehicle, put on his flashing lights, and pulled her over. Felder gave Hutson a speeding ticket for driving 80 miles per hour in a 65 mile per hour zone. Hutson alleges that she was traveling only 75 miles per hour.

Hutson alleges that she then pulled back into traffic in a reasonable and safe manner, but that Felder immediately pulled her over again. Hutson called her OnStar emergency line informed the operator that she did not feel safe. Felder pounded on her window,

opened her car door, and told her to put her hands up, and directed her to exit the vehicle.

Hutson alleges that KSP officer Mosley then arrived in his cruiser. When Hutson asked why she was under arrest, both officers told her to "shut up," and she was forcefully placed in handcuffs. The officers then allegedly altered her original citation to indicate she was traveling 90 miles per hour, performed an improper start and was driving recklessly. The Defendants then transported her to the Madison County Detention Center, where she was denied the opportunity to call either her family or an attorney for ten hours.

Hutson filed her Complaint on June 16, 2007. In it, she alleges that she was stopped, arrested, and charged without probable cause and because of her race as an African-American in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States. She also asserts state law claims for assault and battery, false arrest, false imprisonment, and punitive damages pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

Defendants Felder and Mosley, represented by separate counsel, have each filed an Answer, and Mosley has filed a motion for summary judgment. In his Answer, Felder generally denies the allegations of the Complaint, and further asserts, amongst other things, that principles of estoppel and waiver bar Hutson's claims. Because Felder's Answer notes that Hutson pled guilty to the

speeding and improper start charges, he may be attempting to invoke the doctrine under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.").

Mosley, by contrast, in his Answer and motion for summary judgment, alleges that he was not the second KSP officer to arrive at the scene. Rather, Mosley alleges in his affidavit, he is merely a dispatcher, and as such, is not a sworn KSP officer, and is neither assigned a KSP cruiser nor is he permitted to drive one. He is also not authorized to arrest anyone. He acknowledges that he spoke with Hutson on the date in question, presumably in response to Hutson's call for assistance through the OnStar operator, but otherwise denies any participation whatsoever in her stop, arrest, or prosecution.

In her response, Hutson indicates that she has documents obtained from the Commonwealth of Kentucky which indicate that Mosley has knowledge of the events in question, and some of which

are reports regarding these events which bear his signature. Mosley's reply asserts that Hutson has failed to directly contradict his assertion that he was not personally present or otherwise involved in the arrest.

## II. Discussion

Mosley asserts, in essence, that the claim against him must fail as a matter of law because he was not personally involved in any deprivation of Hutson's civil rights or the conduct giving rise to her pendent state law claims. The Court evaluates his request under Federal Rule of Civil Procedure 56, which provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 127 (6th Cir. 1992). Under Rule 56, the Court must determine what the applicable law requires and decide whether the facts as presented by the parties would sustain a jury verdict in favor of the non-moving party. If the non-movant has not presented evidence to support one essential element of her claim, even when viewed in a light most favorable to her, then summary judgment must be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). If the totality of the evidence submitted "would require a directed verdict for the moving party," summary judgment is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Ordinarily, Rule 56(e) requires a party responding to a summary judgment motion to point to specific facts supporting her view that a genuine issue of material fact remains for trial by specifically designating affidavits, depositions, interrogatory responses, and admissions. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003). For this reason, it is generally improper to grant summary judgment before giving the nonmovant an adequate opportunity for discovery. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627-28 (6th Cir. 2002); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994).

Here, Hutson asserts that she is in possession of documents obtained from an unidentified Kentucky agency which indicate that Mosley prepared reports regarding the incident and has some personal knowledge regarding these events. However, Hutson has not provided these documents for the Court's consideration by attaching them to her response. Hutson does not directly contradict Mosley's assertion that his participation was solely as a dispatcher, but her response can be read to imply either that his participation may

have been greater than Mosley indicates or that even such limited participation was sufficient for liability to attach.

If Hutson were represented by counsel, the Court would have little difficulty granting the motion for summary judgment based upon her failure to support her challenge to Mosley's summary judgment motion by pointing to specific facts supporting his personal involvement and supporting those allegations by putting evidence into the record rather than merely referring to documents she claims to have in her possession as required by *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). However, as a *pro se* litigant, she is entitled to some additional latitude. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

The Court is also mindful of two additional considerations. First, the identity of the second officer involved with Hutson's arrest should be ascertainable through a minimum of additional discovery and expense to the parties. Hence, if dismissal of Mosley is appropriate for lack of personal involvement, the arguments supporting such dismissal should become that much more concrete after such limited discovery. Second, Hutson filed this Complaint three days before the running of the statute of limitations on her constitutional claims. If Mosley were dismissed from this case, the statute of limitations would begin to run again on those claims. Should it subsequently be determined that the dismissal was in error, such claims would doubtless be time-barred.

The Court therefore determines the more prudent course is to deny the motion for summary judgment without prejudice. The parties may proceed with discovery, and should the evidence suggest it, Mosley may renew his motion at any appropriate time. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mosley's Motion for Summary Judgment [Dkt. 8] is **DENIED WITHOUT PREJUDICE.**

This the 5th day of November, 2007.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge